```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
JOSEPH M. ADRIAN, ELAINE M.   :
ADRIAN, and ADRIAN FAMILY     :
PARTNERS I, L.P.,             :
                              :
          Plaintiffs,         :
                              :        MEMORANDUM ORDER
     -against-                :        03 Civ. 6604 (MDF)
                              :
TOWN OF YORKTOWN,             :
                              :
          Defendants.         :
                              :
------------------------------X
```

Mark D. Fox, United States Magistrate Judge.

In September 2003, Joseph and Elaine Adrian and Adrian Family Partners I, L.P. (the "Plaintiffs") commenced this action, pursuant to 42 U.S.C. § 1983 and New York State law, against the Town of Yorktown (the "Town"), alleging that the Town, through its Town Supervisor, Linda Cooper, and other policy-making officials, maintained an official policy to deny the Plaintiffs the right to develop their property and to punish and retaliate against the Plaintiffs for their exercise of their First Amendment rights. The parties consented to proceed before the undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c).

The Town moved for summary judgment, seeking dismissal of the Plaintiffs' complaint based on the statute of limitations and the ripeness doctrine. Additionally, the Town argued that the

1

Plaintiffs' procedural due process claim should be dismissed because the Plaintiffs failed to utilize the Article 78 procedure in New York State court, and that the substantive due process claim should be dismissed because the Plaintiffs lacked a vested property right. It also sought dismissal of the Plaintiffs' false arrest and malicious prosecution claims. After full briefing and oral argument, the Court entered a decision and order on April 26, 2006 (the "Order") granting summary judgment to the Town on all of the Plaintiffs' claims except for the First Amendment retaliation claim and the pendent state law claim for money had and received. A partial judgment was entered pursuant to Fed. R. Civ. P. 54(b) on May 1, 2006.

On May 3, 2006, the Plaintiffs moved, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3, for an order "correcting certain mistakes in the Decision and Order dated April 26, 2006, or in the alternative reconsidering and rearguing same. . . ." Notice of Motion dated May 3, 2006. The application sets forth as follows:

> A. The court appears to have dismissed plaintiffs' Eighth Claim, a state law de facto condemnation claim, which we did not understand to be subject to the federal "ripeness" doctrine that was the basis for the motion to dismiss, nor was any other basis set forth in the Court's decision for its dismissal. We ask the Court clarify that if it was dismissed, the Claim was dismissed for lack of federal ripeness.
> B. The Court did not address plaintiff's Ninth Claim for Relief, seeking declaratory judgment; it is not listed as being dismissed, nor is it listed as being extant.

> C. The Court went against the clear fact that $150,000 could NOT have been due under the so-called Stony Street Realignment project, and instead appears to have accepted as a fact that such sum WAS owed by plaintiffs. We ask the court to make clear that this was not a finding of fact.
> D. The court also found that the Town had not refused to return the $150,000, even when the Town conceded this was an issue of fact.
> E. The Court dismissed the malicious prosecution claim, based entirely on hearsay evidence.

Declaration and Memorandum in Support of Motion at 4. Shortly after filing the instant motion, Plaintiffs filed a notice of appeal from the partial judgment. Defense counsel has submitted an affirmation in opposition to Plaintiffs' Rule 60(b) motion, dated May 26, 2006, and Plaintiffs' counsel's reply was submitted on or about May 30, 2006.

Rule 60(b) of the Federal Rules of Civil Procedure permits a party to seek relief from a final judgment, order, or proceeding on numerous grounds, including, *inter alia*, mistake, inadvertence, surprise, excusable neglect, and newly discovered evidence. *See* Fed. R. Civ. P. 60(b). Such a motion is within the sound discretion of the trial court, s*ee Sterling v. Kuhlman*, No. 97-cv-2825, 2006 WL 177404, at *2 (S.D.N.Y. Jan. 25, 2006), and may only be granted on a showing of exceptional circumstances warranting such extraordinary relief, *see Employers Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824-25 (2d Cir.1996). Additionally, "the courts of this circuit . . . require that the evidence in support of the motion be highly convincing, that the movant show

3

good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result." *Briller v. Barnhart*, No. 04-cv-3649, 2006 WL 118367, at *1 (S.D.N.Y. Jan. 16, 2006).

With respect to the first four points raised by Plaintiffs, the Court does not believe that any further clarification is required and that the Memorandum Order of April 26, 2006 adequately sets forth the rationale and reasoning for each of the determinations made therein. I will nonetheless attempt to respond to Plaintiff's concerns. Each of the points raised in Plaintiffs' moving papers will be addressed in turn.

**A.**     **State Law De Facto Condemnation Claim**

The Order addresses this point on pages 44-45 and states as follows:

> The Plaintiffs further argue that, even if New York State does provide an adequate remedy for their takings-type claims by way of an inverse condemnation or *de facto* condemnation claim, it is sufficient that they have raised such claim in this lawsuit as a pendent claim. This argument is unavailing. The law is clear that a takings claim cannot be brought in federal court until compensation has been sought and denied in state court. . . .
> . . . Additionally, because the Plaintiffs failed to pursue a *de facto* condemnation claim in state court, they may not do so as part of this lawsuit.

In their moving papers, the Plaintiffs quote these same lines from the Order, asserting that they are unclear as to whether the state law claim was dismissed for lack of federal

4

ripeness or on the merits. *See* Declaration and Memorandum in Support of Motion at 5. The claim is dismissed for lack of federal ripeness. The merits of the claim were not discussed, nor were they decided in the order of April 26, 2006. The Court did not retain pendent jurisdiction over the claim nor should it, given the states' interests in controlling issues of land-use development. *See Owens v. City of St. Louis*, No. 03-cv-52, 2005 WL 2033425, at *6 (E.D.Mo. 2003)(declining to bifurcate case and rule on state inverse condemnation claim before Fifth Amendment takings claim because "[inverse condemnation] claim must be exhausted in state court" and citing *Kottschade v City of Rochester, et al.*, 319 F.3d 1038, 1040)(8th Cir. 2003)). *See also San Remo Hotel, L.P. v. City and Cty. of San Francisco, Calif.*, 545 U.S. 323 (2005)(explaining that the rule set forth in *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), *requires* state-court litigation of takings-type claims in order to ripen the claims for review by a federal court).

**B.      Declaratory Judgment**

An action for a declaratory judgment seeks an order of the Court determining the rights of the parties on a given issue. Plaintiff's Ninth Claim seeks a determination by the Court that they have the right to construct a car wash on the Auto Body parcel. Plaintiffs now argue that the Court failed to address

5

this claim for relief. On page 33 of the Order, I pointed out that the record contains no evidence that the Town has ever made a final decision on Plaintiffs' request for re-approval of the car wash and that, therefore, the claim does not meet the ripeness test for adjudication by a federal court. Because the underlying claim fails on ripeness grounds, there is no basis for a declaratory judgment to issue.

**C and D.** **Plaintiffs' Claim for Return of the $150,00 Mitigation Payment**

In the instant motion, Plaintiffs argue that this Court improperly accepted as fact the Town's assertion that the Adrians owed it $150,000 as part of the Stony Street Realignment Project and improperly found that the Town did not refuse to return the Adrians' payment. Plaintiffs fail to explain, however, how the Court's discussion of the their submissions with reference to this claim, which did not result in a decision on the merits, could possibly be a finding of fact which would be binding in the litigation of the claim, particularly when the Court did not state as such. The Court simply pointed out that, based on the information submitted on the motion, Plaintiff failed to show that the Town had made an affirmative decision to retain the Plaintiffs' money, as the Town has not yet responded to the demand for repayment. Plaintiffs' argued that such refusal to respond should be sufficient for a finding that any attempt to obtain a final decision would be futile. In response to this

argument, at page 42 of the Order, the Court pointed out that the 7-month delay in responding to Plaintiff's demand is insufficient to invoke the futility exception to the *Williamson County* ripeness test.

**E.     Malicious Prosecution**

With respect to their malicious prosecution claim, the Plaintiffs argue that the Court improperly relied on hearsay evidence. The sworn deposition testimony of the Town Prosecutor, who was personally present during the court proceeding in issue, that the case was dismissed in the interests of justice, supplemented by his file jacket, is competent evidence of that point for the purposes of making a motion for summary judgement. *See* Fed. R. Civ. P. 56(e).

To successfully oppose such an application, Plaintiffs must submit legally sufficient evidence to create a question of fact. Joseph Adrian's deposition testimony, is equally clear that the dismissal was on the merits and not in the interests of justice. The Case History Listing submitted by Plaintiff is not dispositive of the issue, as it shows only that the case was dismissed. Upon reconsideration of the matter, the Court finds that a question of fact is presented on the issue of whether the dismissal of the criminal proceeding was a favorable termination. Accordingly, the Court modifies the April 26, 2006 Order and judgment, denies summary judgment on this claim, and sets the

7

matter down for trial along with the First Amendment retaliation claim and the state law claim for money had and received.[1]

Because Plaintiffs' notice of appeal from this Court's May 1, 2006 partial judgment will become effective upon the entry of this order, the trial of Plaintiffs' three remaining claims, which was originally scheduled to commence on August 21, 2006, is hereby stayed pending the outcome of Plaintiffs' appeal.

SO ORDERED.

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE

White Plains, New York
Date: June 21, 2006

---

[1] Although Plaintiffs' have filed a notice of appeal from this Court's partial judgment, because the instant Rule 60(b) motion was filed within 10 days of the entry of judgment and before the notice of appeal was filed, the Court is not divested of jurisdiction to grant the post-judgment motion and the notice of appeal does not become effective until an order from this Court disposing of the motion. See Fed. R. App. P. 4(a)(4)(A)(vi)-(B)(i); *New Windsor Volunteer Ambulance Corps, Inc. v. Meyers*, 442 F.3d 101, 120 (2d Cir. 2006).

Copies of this order have been sent to the following:

David O. Wright, Esq.
1820 Commerce Street
Yorktown Heights, New York 10598

Ralph Schoene, Esq.
Voute, Lohrfink, Magro & Collins, LLP
170 Hamilton Avenue
White Plains, New York 10601